IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Aaron W. Wagner,                          :
                    Petitioner            :
                                          :
          v.                              :  No. 1258 C.D. 2016
                                          :  SUBMITTED:  November 10, 2016
Unemployment Compensation                 :
Board of Review,                          :
                    Respondent            :


BEFORE:    HONORABLE ROBERT SIMPSON, Judge
           HONORABLE JULIA K. HEARTHWAY, Judge
           HONORABLE JOSEPH M. COSGROVE, Judge


OPINION NOT REPORTED


MEMORANDUM OPINION
BY JUDGE HEARTHWAY              FILED:  January 4, 2017


          Aaron W. Wagner (Claimant) petitions *pro se* for review of the July 1,
2016, decision of the Unemployment Compensation Board of Review (Board),
which affirmed the referee's decision finding Claimant ineligible for benefits under
section 402(b) of the Unemployment Compensation Law (Law)[1] because Claimant
voluntarily terminated his employment without necessitous and compelling cause.
We affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §
802(b).

Claimant was employed as a part-time staff dentist for Towanda Memorial Hospital (Hospital) from April 1, 2013, until February 1, 2014, when the Hospital stopped offering dental services and Bradford County Dental Inc. (Employer) was created. Claimant then worked as a part-time staff dentist for Employer from February 1, 2014, until March 17, 2016, for an average of 19.5 hours per week. During the period that Claimant worked for the Hospital, the Hospital covered Claimant's malpractice insurance premium at 100% of the cost. During Claimant's term of employment with Employer, Employer informed Claimant that it would only reimburse Claimant for a portion of his malpractice insurance premium. Claimant agreed, and continued to work for Employer through 2014 and 2015. (Findings of Fact (F.F.) Nos. 1-4.)

Claimant's malpractice insurance was due to be renewed effective April 9, 2016, through April 9, 2017, and Employer informed Claimant that it would reimburse him $1,300 for his malpractice insurance premium. Claimant requested that Employer increase his reimbursement for his malpractice insurance premium. Claimant also requested that Employer pay for Claimant's Drug Enforcement Agency (DEA) license, which allows him to prescribe narcotics. The license fee was $731 for a three-year renewal. Employer does not prescribe narcotics to its patients; instead, it refers patients to their primary care physicians for narcotic prescriptions. (F.F. Nos. 5-7.)

Claimant and Employer entered into negotiations concerning reimbursement for the malpractice insurance premium and DEA license renewal fee. Employer offered to reimburse Claimant $1,300 for his malpractice insurance

premium and to pay 75% of his DEA license renewal fee, pro-rated over a three-year period. Claimant initially agreed to accept the offer, but he subsequently informed Employer that the offer was unacceptable. On March 17, 2016, Claimant resigned his employment. Employer had continuing work available to Claimant had Claimant not resigned. (F.F. Nos. 8-12.)

Claimant applied to the local service center for unemployment compensation benefits, and the local service center found Claimant eligible for benefits. Employer appealed, and a referee held a hearing. Based on the evidence presented, the referee found that Claimant resigned due to his dissatisfaction with Employer's offer of reimbursement for his malpractice insurance premium and DEA license. (F.F. No. 11.) The referee noted that although Employer would not reimburse Claimant 100% of his malpractice insurance premium and DEA license fee, Claimant had worked for Employer under the same terms and conditions for a period of over two years. Accordingly, the referee concluded that Claimant voluntarily terminated his employment without cause of a necessitous and compelling reason, and consequently, denied Claimant benefits.

Claimant then appealed to the Board, and the Board affirmed the referee's decision. In doing so, the Board adopted the referee's findings of facts and conclusions of law. Additionally, the Board expressly found that, although Claimant may have had other dissatisfactions with Employer, Claimant quit his employment because of his dispute with Employer over reimbursement for his malpractice insurance and DEA license fee. The Board noted that Claimant

3

worked for Employer for over a year under the terms and conditions that existed when the practice became independent. (Board Decision.)

Claimant now petitions this Court for review of the Board's decision[2], arguing that he had necessitous and compelling reasons to leave his employment because the non-dentist office manager was dictating policies and constraints that impacted his ability to provide proper and ethical care. In particular, Claimant argues that: (i) he was pressured to use unapproved filling material; (ii) he had to provide his own dental materials; (iii) he was not allotted the appropriate time in his schedule for procedures; and (iv) he should not be pressured to send patients to the emergency room for pain, and therefore, a DEA license is a necessary expense. Claimant points out that he cannot pay a pro-rated fee for his DEA license because it must be paid in full prior to the expiration of his current license. Claimant argues that the Board did not fully appreciate his concerns and that the Board erred because it merely noted his "other dissatisfactions" but did not address them.

We disagree that Board erred and that it did not address Claimant's other concerns. The Board expressly noted that Claimant had "other dissatisfactions" with the job. Merely because the Board did not detail them does not mean they were ignored. Rather, the Board acknowledged them, but rejected them as being the reasons why Claimant terminated his employment. Instead, the Board found that Claimant terminated his employment because of his dispute with

---

[2] Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law, and whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704.

4

Employer over reimbursement for his malpractice insurance and DEA license fee. Claimant's allegation of error is nothing more than Claimant's attempt to argue his preferred version of the "facts." However, the Board is the arbiter of credibility and is free to accept or reject the testimony of any witness in whole or in part. *McCarthy v. Unemployment Compensation Board of Review*, 829 A.2d 1266 (Pa. Cmwlth. 2003). Even if there is contrary evidence in the record, where, as here, the Board's findings are supported by substantial evidence, they are conclusive on appeal.[3] *Morgan v. Unemployment Compensation Board of Review*, 108 A.3d 181 (Pa. Cmwlth. 2015). Accordingly, we are limited to determining whether Claimant's dispute with Employer over reimbursement for his malpractice insurance premium and for his DEA license fee constituted necessitous and compelling cause for Claimant to terminate his employment.

Whether a claimant had necessitous and compelling cause to terminate his employment is a question of law fully reviewable by this Court. *Id.* The claimant has the burden to establish that his reasons for quitting were of a necessitous and compelling nature. *Id.* An employee who claims to have quit his employment for a necessitous and compelling reason must prove that (1)

---

[3] The record includes substantial evidence that Claimant quit because of this dispute. In his answers on the claimant questionnaire, Claimant's reasons for quitting included a disagreement over payment of his malpractice premium. (*See* Certified Record (C.R.) Item No. 3, Exhibits 4, 5.) Claimant testified that he disagreed with the proposed amount of reimbursement for his insurance premium. (N.T. at 14-15.) Robin Coyle, Employer's office manager, testified that Claimant first raised an issue about reimbursement in late January or early February 2016. (N.T. at 26-27.) Ms. Coyle stated Employer offered to pay $1,300 toward Claimant's malpractice premium and 75% of his DEA license fee on a pro-rated basis, and that Claimant initially agreed, but later changed his mind and quit. (N.T. at 28; Exhibit E20; C.R. Item No. 2, Exhibits 6, 7.)

5

circumstances existed which produced real and substantial pressure to terminate employment; (2) such circumstances would compel a reasonable person to act in the same manner; (3) the claimant acted with ordinary common sense; and (4) the claimant made a reasonable effort to preserve the employment. *Brunswick Hotel & Conference Center, LLC v. Unemployment Compensation Board of Review*, 906 A.2d 657, 660 (Pa. Cmwlth. 2006).

Nowhere in Claimant's brief does he argue that his dissatisfaction over reimbursement for his malpractice insurance constitutes necessitous and compelling cause to terminate his employment. Because Claimant has failed to raise and develop this argument, Claimant has waived this issue.[4] *See* Pa. R.A.P. 2119(a) (stating argument shall contain a discussion of the particular point); *Commonwealth v. Feineigle*, 690 A.2d 748 (Pa. Cmwlth. 1997) (stating when issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, this court will not consider the merits).

---

[4] Nevertheless, had Claimant raised this argument, he could not prevail. As the Board noted, Claimant worked for at least a year under these terms. Claimant does not argue that the terms of reimbursement concerning his malpractice insurance were a substantial and unilateral change in the terms of his employment. Indeed, Claimant testified that the $1,300 would have been the same reimbursement amount as the prior year. (N.T. at 14, 16.) Moreover, we cannot say that Employer's offer was unreasonable. Ms. Coyle testified that Claimant insisted on having his malpractice insurance with a certain insurer, and that that insurer's premium was $600-700 higher than that charged by the insurer providing the same coverage for other dentists in the practice. (N.T. at 27.) Ms. Coyle also testified that Claimant paid the additional money to have a full-time policy because he needed to have a policy covering in excess of 20 hours weekly given that Claimant worked 19.5 hours (3 days) weekly for Employer and also worked one day per week for another dentist's office. (N.T. at 27-28.)

With respect to whether Claimant's dissatisfaction over reimbursement for his DEA license fee constitutes cause of a necessitous and compelling reason, Claimant states that a DEA license is a necessary expense. Claimant points out that he cannot pay a pro-rated fee for his DEA license because it must be paid in full prior to the expiration of his current license.

Claimant does not argue that the terms of reimbursement concerning his DEA license fee were a substantial and unilateral change in the terms of his employment. Instead, Claimant simply is dissatisfied with Employer's pro-rated reimbursement. However, "mere dissatisfaction with one's working conditions does not constitute cause of a necessitous and compelling nature for terminating one's employment." *Brunswick Hotel*, 906 A.2d at 660. Moreover, Employer's offer to reimburse Claimant 75% of his DEA license fee on a pro-rated basis was a better offer than Claimant previously had with Employer. Claimant testified that in the past, he paid for the fee himself, and he admits in his pleadings that until recently, he paid for the DEA license fee. (N.T. at 18, Claimant's Brief at 12, Petition for Review.) Finally, we cannot say that Employer's offer of a 75% pro-rated reimbursement of the DEA license fee was unreasonable where Employer did not prescribe narcotics to its patients.

Accordingly, for the foregoing reasons, Claimant has failed to establish that he had necessitous and compelling cause to terminate his employment. Therefore, we affirm the Board's decision.

_____
JULIA K. HEARTHWAY, Judge

Judge Cosgrove dissents.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Aaron W. Wagner,                      :
               Petitioner       :
                                  :
       v.                :   No. 1258 C.D. 2016
                                  :
Unemployment Compensation            :
Board of Review,                     :
              Respondent      :


O R D E R


AND NOW, this 4th day of January, 2017, the order of the Unemployment Compensation Board of Review is hereby affirmed.


_____
JULIA K. HEARTHWAY, Judge